**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-6648**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THERESA MARIE SQUILLACOTE, a/k/a Anne, a/k/a
Resi, a/k/a Lisa Martin, a/k/a Margrit, a/k/a
Margret, a/k/a Margit, a/k/a Mary Teresa
Miller, a/k/a The Swan, a/k/a Margaret, a/k/a
Schwan, a/k/a Tina,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Claude M. Hilton, District
Judge. (CR-98-61; CA-02-537)

─────────────

Submitted: August 26, 2005          Decided: June 2, 2006

─────────────

Before LUTTIG,[*] MOTZ, and TRAXLER, Circuit Judges.

─────────────

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

─────────────

─────────────

   [*]Judge Luttig was a member of the original panel but did not
participate in this decision. This opinion is filed by a quorum of
the panel pursuant to 28 U.S.C. § 46(d).

Ty Cheung Gee, HADDON, MORGAN & FOREMAN, PC, Denver, Colorado, for Appellant. Ronald Leonard Walutes, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Theresa Marie Squillacote appeals from the district court's denial of her 28 U.S.C. § 2255 (2000) motion. She was convicted after a jury trial of conspiracy to transmit information relating to the national defense, attempted transmission of national defense information, obtaining national defense information, and making false statements. We previously granted a certificate of appealability on Squillacote's claims that (1) the district court erred by failing to hold an evidentiary hearing on Squillacote's claim that she was denied her right to testify and (2) purported new evidence was sufficient to warrant a new trial. After further briefing by the parties, we vacate and remand with regard to the former claim and affirm the relevant portion of the district court's order on the latter claim.

First, Squillacote alleged that her attorneys prevented her from exercising her right to testify. Under Strickland v. Washington, 466 U.S. 668, 694 (1984), in order to prove ineffective assistance of counsel on this claim, Squillacote must show both that her attorneys violated her right to testify and that her testimony had a "reasonable probability" of changing the outcome of her trial. The Government concedes that the question of whether Squillacote's right to testify was violated cannot be resolved without a hearing. However, the Government asserts that Squillacote's testimony would not have affected her trial.

After a thorough review of the record, we conclude that Squillacote has made a sufficient showing of potential prejudice to necessitate a hearing on both prongs of Strickland. See Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (holding that summary judgment may not be granted when there is opposing sworn testimony, even when one side's story is "hard to believe"). Squillacote's proposed testimony tells a story that, if believed, provides an explanation for the suspicious circumstances that caused the jury to convict her of conspiracy. In addition, should the jury believe her explanation of her earlier actions, it may also believe that she was not predisposed to espionage prior to the FBI's sting operation, thus strengthening her entrapment defense. Thus, while expressing no opinion on the merits of Squillacote's ineffective assistance claim or the believability of her proposed testimony, we vacate the portion of the district court's order dismissing her claim that her attorneys violated her right to testify and remand for a hearing.

Second, Squillacote claims that she has newly discovered evidence proving her innocence. The new evidence is an affidavit from a German co-conspirator who refused to testify at trial but has since changed his mind. The Government attached to its informal brief copies of an out-of-court declaration by this witness and transcripts of two interrogations, all of which were admitted at trial. These documents provide the same innocent

explanation for Squillacote's actions as the newly-discovered evidence. Squillacote does not dispute the characterization of the evidence admitted at trial, nor does she attempt to distinguish the evidence admitted from the proposed evidence.

Because it is undisputed that the substance of the witness's declaration was presented to the jury, we find that Squillacote cannot show that the new evidence would have resulted in her acquittal. While a live witness would obviously be more effective than a dry transcript, we cannot conclude that it would have altered the jury's verdict, especially in light of the absence of any argument by Squillacote on this point. <u>See</u> 4th Cir. R. 34(b) (stating that claims not raised in informal brief are waived).

Based on the foregoing, we affirm the district court's denial of Squillacote's claim of newly discovered evidence, vacate the district court's denial of Squillacote's claim that she was denied her right to testify, and remand for a hearing. We grant Noell Peter Tin's motion to withdraw and deny his motion to be appointed CJA counsel as moot. We deny Squillacote's motion for oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>